UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | * | Case No. 19-10840 |
| Jason Christopher Devillier | * | |
| Debtor | * | |

*****************************************

CONSENT MOTION FOR CLARIFICATION OF ORDER
DISCHARGING THE DEBTOR OR ALTERNATIVE
MOTION TO RECONSIDER

Hancock Whitney Bank ("HW"), creditor herein, files this consent motion for clarification of order discharging the Debtor, Jason Christopher Devillier, or alternative, motion to reconsider. Debtor consents to and does not oppose the clarification requested herein.

1. On July 22, 2019, Debtor filed a petition for relief under chapter 7 of the U.S. Bankruptcy Code.

2. On July 23, 2019, the Court issued Official Form 309A which, among other things, set a deadline of October 28, 2019 to object to discharge or to challenge whether certain debts are dischargeable. R. Doc. No. 2.

3. On August 23, 2019, HW timely filed a Complaint Objecting to Dischargeability of Debt under 11 U.S.C. §§523(a)(7) and 523(a)(13) (the "Dischargeability Complaint"), and assigned Adversary Proceeding No. 19-1030.

4. In the Dischargeability Complaint, HW seeks judgment declaring that HW's judgment against Debtor (entered in a civil case for fraud against Debtor) and the Restitution Award (entered in a criminal case against Debtor in favor of HW) are non-dischargeable.

5.      On October 22, 2019, the Court issued an Additional Summons and Order Setting Pre-Trial Conference. Adv. Proc. No. 19-1030, R. Doc. No. 8. The pretrial conference is set for December 16, 2019. *Id.*

6.      The Dischargeability Complaint was served on the Debtor on October 23, 2019 via U.S. Mail and personally served on the Debtor or October 24, 2019. A Certificate of Service was filed in the record on October 30, 2019. Adv. Proc. No. 19-1030, R. Doc. No. 10.

7.      On October 29, 2019, the Chapter 7 Trustee filed a report in the bankruptcy case stating the Debtor has no property available for distribution from the estate, over and above that exempted by law, and certifying the estate has been fully administered. R. Doc. No. 30.

8.      On November 1, 2019, the Court issued an order discharging the Debtor (the "Discharge Order").

9.      HW files this motion seeking to clarify that the order discharging the Debtor does not apply to HW's Judgment against Debtor and the Restitution Award against Debtor, which are the subject of the Dischargeability Complaint.

10.     In the alternative, HW files this motion to reconsider the Discharge Order, and requests that the Court find the Discharge Order does not apply to HW's Judgment against Debtor and the Restitution Award, thereby permitting the Dischargeability Complaint to proceed to conclusion via the adversary proceeding.

11.     According to *BUKE, LLC v. Eastburg*, 440 B.R. 851, 855 (D. N.M. 2010), "upon the timely filing of a complaint objecting to the dischargeability of a debt, the discharge injunction does not apply with respect to the debt until the Court makes a determination of the dischargeability of the debt."

12.     Debtor does not object to and consents to the relief requested in this motion.

WHEREFORE, HW prays that the Court grant this Consent Motion for Clarification of Order Discharging the Debtor, Jason Christopher Devillier, or alternative, Motion to Reconsider, and find that the Discharge Order does not apply to the Dischargeability Complaint.

Respectfully submitted,

*s/ Brandon K. Black*
**Brandon K. Black (La. Bar No. 24298) TA**
**David M. Kerth (La. Bar No. 25126)**
**Jones Walker LLP**
8555 United Plaza Blvd.
Baton Rouge, LA 70809
Telephone: (225) 248-2128
Facsimile: (225) 248-3128
Email: bblack@joneswalker.com
          dkerth@joneswalker.com

***Attorneys for Hancock Whitney Bank***